UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KLEOPATRA FINCO S.À R.L., *et al.*,[1] | ) ) ) | Case No. 25-90642 (CML) |
| Debtors. | ) ) ) ) | (Joint Administration Requested) |
|  | ) | **Re: Docket No. __** |

**ORDER (I) AUTHORIZING THE DEBTORS
TO (A) PAY PREPETITION WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE THE
COMPENSATION AND BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the emergency motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to (a) pay all prepetition wages, salaries, other compensation, and Reimbursable Expenses on account of the Compensation and Benefits Program and (b) continue to administer the Compensation and Benefits Programs in the ordinary course of business, and (ii) granting related relief, all as more fully set forth in the motion; and upon the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding and the motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Klockner. The location of Kleopatra Finco S.à r.l.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46A, Avenue J.F. Kennedy, L-1855 Luxembourg, R.C.S. Luxembourg.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the motion.

the motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the motion and opportunity for a hearing on the motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"), if any; and the Court having determined that the legal and factual bases set forth in the motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Debtors are authorized, but not directed, to: (a) continue, modify, change, and discontinue the Compensation and Benefits Programs and implement new programs, policies, and benefits in the ordinary course of business in accordance with the Debtors' prepetition policies and practices and without the need for further Court approval, subject to applicable law, and (b) in the Debtors' discretion pay and honor prepetition and postpetition amounts related thereto and other obligations incurred in providing the Compensation and Benefits Programs in the ordinary course of business and in accordance with the Debtors' prepetition practices and the terms of this Order.

    2.    Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

    3.    The Debtors are authorized, but not directed, to honor any prepetition claims or amounts on account of the Non-Insider Severance Program. Before honoring any prepetition obligation related to the Non-Insider Severance Program that exceeds the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code for any Employees and

Independent Contractors, the Debtors shall file a notice with the Court and provide fourteen (14) days advance notice to the U.S. Trustee, the Ad Hoc Group of Senior Lenders, and any statutory committee appointed in these chapter 11 cases of (a) the title of the Employee or Temporary Employee (as applicable), (b) the amount of such payment to such Employee or Temporary Employee (as applicable), and (c) the proposed payment date.  This notice shall encompass all payments for the anticipated case timeline.  In the event the chapter 11 cases go beyond the anticipated case timeline, the Debtors will provide a revised notice covering the additional anticipated payments within fourteen (14) days of the first payment.

4. Pursuant to section 362(d) of the Bankruptcy Code, (a) the automatic stay is modified so that Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Programs, and the Debtors are authorized, but not directed, to pay all undisputed prepetition amounts relating thereto in the ordinary course and consistent with prepetition practice; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Programs, and any such claims must be pursued in accordance with the applicable Workers' Compensation Program.  Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

5. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of the Withholding Obligations, including the Payroll Deductions, Payroll Taxes, and Payroll Processing Fees to the appropriate third-party recipients or taxing authorities in the ordinary course of business.

6. The Debtors are authorized, but not directed, to pay in the ordinary course of business any costs and expenses incidental to payment of the Compensation and Benefits Programs and all administrative and processing costs in connection therewith.

7. The Debtors will provide notice to the U.S. Trustee, counsel to the Ad Hoc Group, and any statutory committee of any changes to the Compensation and Benefits or of any new programs, policies, and benefits.

8. Nothing herein shall be deemed to authorize the payment of any amounts that violate or implicate section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code by separate motion at a later time.

9. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits Programs obligations.

10. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the motion or any order granting the relief requested by the motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of

the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11. The banks and financial institutions on which checks were drawn or electronic funds transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

12. Notwithstanding anything to the contrary contained in the motion or this Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Certain Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* filed substantially contemporaneously herewith (the "DIP Order"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Order.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

14. The contents of this motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules, and the Complex Case Procedures are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. The Debtors and the Clerk of Court are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2025

> HONORABLE CHRISTOPHER LOPEZ
> UNITED STATES BANKRUPTCY JUDGE