UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| KLEOPATRA FINCO S.À R.L., *et al.*,[1] | Case No. 25-90642 (CML) |
| Debtors. | (Jointly Administered) |

**DEBTORS' APPLICATION
FOR ENTRY OF AN ORDER
(I) AUTHORIZING AND APPROVING
THE EMPLOYMENT AND RETENTION OF
KOBRE & KIM LLP AS SPECIAL COUNSEL TO
THE SPECIAL COMMITTEES OF THE BOARDS OF KLEOPATRA
SENIOR HOLDINGS GP S.À R.L. AND KLEOPATRA FINCO S.À R.L.
EFFECTIVE AS OF NOVEMBER 4, 2025 AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") respectfully state the following in support of this application (the "Application"):

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Klockner. The location of Kleopatra Finco S.à r.l.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46A, Avenue J.F. Kennedy, L-1855 Luxembourg, R.C.S. Luxembourg.

*Reference to Bankruptcy Judges,* entered May 24, 2021, from the United States District Court for the Southern District of Texas. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327(e) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Rules").

**Background**

4. On November 4, 2025 (the "Petition Date"), each Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. On November 5, 2025, this Court entered an order authorizing the joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 47]. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 17, 2025, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 152], and on November 21, 2025, the U.S. Trustee reconstituted the Committee [Docket No. 170]. On November 24, 2025, following the resignation of the members of the Committee, the Committee was disbanded [Docket No. 178]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**Relief Requested**

5. By this Application, the Debtors request entry of an order (i) authorizing and approving the employment and retention of Kobre & Kim LLP ("Kobre & Kim" or the "Firm") as special counsel to the Special Committees of the Boards of Debtors Kleopatra Senior Holdings GP S.à r.l. and Kleopatra Finco S.à r.l. (the "Special Committees"), effective as of the Petition Date (*i.e.*, November 4, 2025), to handle certain matters as requested by the Special Committees (the "Special Matters"), and (ii) granting related relief.

6. In support of this Application, the Debtors submit the *Declaration of Daniel J. Saval*, a partner of Kobre & Kim, which is attached hereto as **Exhibit A** (the "Saval Declaration").

7. A proposed form of order granting the relief requested herein is attached hereto (the "Proposed Order").

**Kobre & Kim's Qualifications**

8. The Special Committees seek to retain Kobre & Kim because of the Firm's (i) focus on investigations and litigation; (ii) expertise in bankruptcy, restructuring, and complex commercial and financial disputes; and (iii) experience handling investigations and litigating high-stakes matters, including in connection with claims arising under the Bankruptcy Code. For purposes of this engagement, Kobre & Kim has assembled a highly-qualified team of professionals and paraprofessionals with extensive experience in bankruptcy proceedings and complex disputes and investigations. The Firm routinely works alongside co-counsel and other professional advisors in matters pending before state, federal, and bankruptcy courts, including in the Southern District of Texas.

9. Kobre & Kim has handled investigations and litigations in a number of large and complex bankruptcy cases and adversary proceedings representing debtors, creditors, committees, and other interested parties, including as special counsel. Recent cases in which Kobre & Kim has

appeared in this district and elsewhere include: *In re Sunnova Energy International Inc., et al.*, No. 25-90160 (Bankr. S.D. Tex. June 8, 2025); *In re Steward Health Care System LLC*, *et al.,* No. 24-90213 (Bankr. S.D. Tex. May 6, 2024); *In re Robertshaw US Holding Corp.*, *et al.*, No. 24-90052 (Bankr. S.D. Tex. February 15, 2024); *In re Careismatic Brands LLC, et al*., No. 24-10561 (Bankr. D. N.J. January 22, 2024); *In re Genesis Care Pty Limited, et al.,* No. 23-90614 (Bankr. S.D. Tex. June 1, 2023); *In re Wesco Aircraft Holdings Inc., et al*., No. 23-90611 (Bankr. S.D. Tex. June 1, 2023); *In re Rite Aid Corporation, et al*., No. 23-18993 (Bankr. D.N.J. October 15, 2023); *In re Global Cord Blood Corp.*, No. 22-11347 (Bankr. S.D.N.Y. Oct. 7, 2022); *In re Revlon, Inc., et al.*, No. 22- 10760 (Bankr. S.D.N.Y. June 15, 2022); *In re Covia Finance Company*, *LLC,* No. 20-33295 (Bankr. S.D. Tex. June 29, 2020); *In re Neiman Marcus Group LTD LLC et al.*, No. 20-32519 (Bankr. S.D. Tex. May 7, 2020); and *In re Dooga Ltd.*, No. 20-30157 (HLB) (Bankr. N.D. Cal. Feb. 14, 2020).

10. For the foregoing reasons, the Debtors believe that Kobre & Kim is well-qualified and aptly able to act as special counsel to the Special Committees in these Chapter 11 Cases in an efficient and effective manner. Accordingly, the Debtors believe that the retention of Kobre & Kim is in the best interests of the Debtors and their creditors in these Chapter 11 Cases.

**Services To Be Rendered**

11. Subject to Court approval, Kobre & Kim will act as special counsel to the Special Committees in connection with the Special Matters. The Special Matters are certain issues as requested by the Special Committees, including the completion of an investigation on their behalf, commenced prior to the Petition Date, into certain prior transactions and other matters involving one or more of the Debtors.

12. The Debtors have determined that the retention of independent counsel at the sole direction of the Special Committees is necessary to assist the Special Committees in fulfilling their

4

duties in these Chapter 11 Cases, and that the employment of Kobre & Kim is in the best interests of the Debtors' estates.

13. The Debtors seek approval to retain and employ Kobre & Kim only for the purposes described herein and not to provide general restructuring or other services. Thus, the retention of Kobre & Kim is intended to complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. The Debtors have retained and may retain additional professionals during the term of the engagement, and Kobre & Kim will work cooperatively with such professionals, as requested by the Special Committees, in an efficient and cost-effective manner to avoid duplication of services. The Special Matters are distinct from the services being provided by Kirkland & Ellis LLP and the Debtors' other advisors, and the services Kobre & Kim will provide to the Special Committees are necessary to maximize the value of the Debtors' estates. All of the services provided by Kobre & Kim will be appropriately directed by the Special Committees to ensure a clear delineation of each firm's respective role and to avoid unnecessary duplicative efforts among legal professionals retained in these Chapter 11 Cases. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts by Kobre & Kim and the Debtors' other professionals will add to the Debtors' ability to maximize the value of their estates.

14. Courts have routinely authorized the retention of multiple legal advisors, including multiple special counsel, for the purpose of providing discrete services. *See, e.g.*, *In re Red River Talc LLC*, No. 24-90505 (Bankr. S.D. Tex. Sept. 20, 2024) [Docket Nos. 531, 532, and 533] (authorizing retention of Shook, Hardy & Bacon LLP, King & Spalding, and Skadden, Arps, Slate, Meagher & Flom LLP each as special counsel); *In re Zachry Holdings, Inc.*, No. 24-90377 (Bankr. S.D. Tex. May 21, 2024) [Docket Nos. 483, 742] (authorizing retention of Troutman Pepper

Hamilton Sanders LLP as special engineering, procurement and construction counsel, Hicks Thomas LLP as special litigation counsel, and Susman Godfrey LLP as special litigation counsel); *In re Genesis Care PTY Limited*, No. 23-90614 (Bankr. S.D. Tex. Aug. 14, 2023) [Docket Nos. 362, 435] (authorizing retention of Kirkland & Ellis LLP as general restructuring counsel and Kobre & Kim LLP as special counsel for purposes of investigating potential claims).

### Kobre & Kim's Disinterestedness

15. The Special Matters are the only matters for which the Debtors seek to retain and employ Kobre & Kim as special counsel to the Special Committees. To the best of the Debtors' knowledge and based upon the Saval Declaration, Kobre & Kim does not represent or have any interest adverse to the Debtors or their respective estates with respect to the Special Matters.

16. In addition, to the best of the Debtors' knowledge, and as disclosed herein and in the Saval Declaration: (a) Kobre & Kim does not hold or represent any interest adverse to the Debtors or their estates, and (b) Kobre & Kim has no connection to the Debtors, their creditors, or related parties, except as disclosed in the Saval Declaration and Schedule 2 thereto. Based upon the Saval Declaration, the Debtors believe that Kobre & Kim is also a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

17. Kobre & Kim has represented to the Debtors that it will periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Kobre & Kim will undertake to use reasonable efforts to identify such further developments and file a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

### Professional Compensation

18. Kobre & Kim intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Special Matters,

6

subject to Court approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of this Court.

19. Kobre & Kim will use its standard hourly rates and corresponding rate structure in effect at the time services are rendered, regardless of whether a fee application is required. These rates and the rate structure reflect that matters the Firm typically handles are national (and in some cases international) in scope and involve great technical, factual, and legal complexity, and often involve time sensitivity.

20. Kobre & Kim's hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments, and Kobre & Kim will inform the Debtors of any such adjustments to its existing rate structure. These hourly rates are consistent with the rates charged by other similar law firms and professionals in the market. For purposes of this engagement, Kobre & Kim's hourly rates are:

| | |
|---|---|
| Founding Partner | $2,750 |
| Senior Partner | $2,250 |
| Partner / Senior Counsel | $1,975 |
| Special Counsel | $1,500 |
| Counsel / Principal | $1,450 |
| Associate / Attorney | $1,200 |
| Specialist | $875 |
| Analyst | $585 |
| Litigation Assistant | $450 |

21. Kobre & Kim will also charge the Debtors for identifiable, non-overhead expenses incurred in connection with the Chapter 11 Cases. Examples of such expenses include overnight mail, courier delivery, transportation, overtime expenses, certain computer-assisted legal research, outside photocopying, airfare, meals, and lodging.

22. As set forth in the Saval Declaration, Kobre & Kim received advance payments from the Debtors during the ninety (90) days before the Petition Date and did not have an outstanding balance as of the Petition Date. Further, other than third-party expenses, if any, to be incurred and paid in the ordinary course of Kobre & Kim's representation and billed to the Debtors, Kobre & Kim has not shared, nor agreed to share (a) any compensation it may receive from its representation of the Special Committees with another party or person, other than with the partners, attorneys, or other employees associated with Kobre & Kim; or (b) any compensation another person or party has received or may receive with respect to the Chapter 11 Cases. Kobre & Kim is not a creditor of the Debtors' estates.

## The Requested Relief Should Be Granted

23. The Debtors seek approval for the retention of Kobre & Kim as special counsel to the Special Committees pursuant to sections 327(e) and 328(a) of the Bankruptcy Code.

Section 327(e) of the Bankruptcy Code provides:

> [T]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

24. Under section 328(a) of the Bankruptcy Code, with the Court's approval, a debtor in possession may employ professional persons under section 327 of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

25. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection,

8

>the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. Fed. R. Bankr. P. 2014(a).

26. Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.,* 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand."). Moreover, in exercising discretion under section 327, the court should "take into account the particular facts and circumstances surrounding the case," *In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010), including "the nature of the debtors' business, all foreseeable employment of special counsel, [and] the expense of replacement counsel," *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). In general, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of its choosing. *See In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

27. The Debtors submit that for the reasons stated above and in the Saval Declaration, the retention and employment of Kobre & Kim as special counsel is necessary, is in the best interests of the Debtors and their estates and creditors, and complies with the requirements of sections 327(e) and 328(a) of the Bankruptcy Code. Further, Kobre & Kim will not hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to any Special Matter on which the Firm is to be employed. Accordingly, the Debtors submit that the requirements of sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 have been satisfied.

**Relief *Nunc Pro Tunc* to November 4, 2025 Is Warranted**

28. The Debtors believe that employment of Kobre & Kim *nunc pro tunc* to November 4, 2025 is warranted under the circumstances of these Chapter 11 Cases so that Kobre & Kim may be compensated for its services prior to the entry of an order approving Kobre & Kim's retention. Further, the Debtors believe that no party in interest will be prejudiced by approving Kobre & Kim's retention effective as of the Petition Date, because Kobre & Kim provided valuable legal services to the Debtors' estates during the period following the Petition Date for the purpose of maximizing the value of the Debtors' estates. *See, e.g.*, *In re Triangle Chems., Inc.*, 697 F.2d 1280 (5th Cir. 1983); *In re Arkansas Co.*, 798 F.2d 645, 648 (3d Cir. 1986) (collecting cases and stating that "bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power"). After continuing its substantive work following the November 4 Petition Date, Kobre & Kim promptly began preparing a retention application, including searching for connections to hundreds of potential parties in interest. Given the time-consuming nature of this process and the value that the Debtors anticipate their estates will receive as a direct result of the services Kobre & Kim will be retained to provide, the Debtors submit that approving Kobre & Kim's employment and retention *nunc pro tunc* to November 4, 2025 is warranted under the circumstances.

**Notice**

29. The Debtors will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the Internal Revenue Service; (e) the DIP Agent; (f) the Prepetition Agent; (g) the Ad Hoc Group; (h) the SVP Funds; (i) the Factors; (j) the CastleKnight Funds; and

(k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 3, 2025                     /s/  Marc Rotella
                                            Marc Rotella
                                            Chief Financial Officer
                                            Kleopatra Finco S.à r.l.

**Certificate of Service**

       I certify that on December 3, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, the foregoing document will be served as set forth in a forthcoming affidavit filed by the Debtors' proposed claims agent.

                                                         */s/ John F. Higgins*
                                                         John F. Higgins