**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KLEOPATRA FINCO S.À R.L., *et al.*,[1] | ) ) ) | Case No. 25-90642 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS**
**OF LOYENS & LOEFF LUXEMBOURG SARL PURSUANT**
**TO THE ORDER (I) AUTHORIZING THE RETENTION AND**
**COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE**
**ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, Ana Andreiana, make this declaration (this "Declaration") under penalty of perjury:

1. I am a Partner of Loyens & Loeff Luxembourg SARL, located at 18-20, rue Edward Steichen L-2540 Luxembourg (the "Company").

2. Kleopatra Finco S.à r.l. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide legal services to the Debtors, and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Company is proposed to be employed.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Klockner. The location of Kleopatra Finco S.à r.l.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46A, Avenue J.F. Kennedy, L-1855 Luxembourg, R.C.S. Luxembourg.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7. As of the Petition Date, the Debtors owed the Company $64,205.92 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and, as such, the Company may file a proof of claim.

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of the date on which the Debtors commenced these chapter 11 cases, the Company was party to an agreement for indemnification with certain of the Debtors that included the following indemnification provision:

6.1     We will perform our services with reasonable skill and care. Where a final decision of a Luxembourg Court finds us to be liable to you for losses, damages, costs or expenses (Losses), our liability shall be subject to the following conditions:

(i) we will not be liable if such Losses are due to the provision of false, misleading or incomplete information or documents or due to the acts or omissions of any person other than Loyens & Loeff;

(ii) where you suffer any Losses for which we are jointly and severally liable with any third party or third parties, the extent to which such Losses shall be recoverable by you from us, as opposed to the third party, shall be limited so as to be in proportion to our contribution to the overall fault for such Losses (and if you have agreed with any such third parties that their liability to you will be limited, our liability to you will not exceed the amount which would have applied in the absence of that limitation), as agreed between all of the parties, or in the absence of agreement as finally determined by the Luxembourg Courts;

(iii) our liability resulting from services rendered by or under the responsibility of tax advisers, is limited to the lower of (i) three times the fees paid and/or owed by you for the services rendered under the Engagement, or (ii) EUR 2,500,000. For this clause, the reference to tax advisers includes lawyers such as *avocats* and *avocats à la Cour* who provide tax advisory services;

(iv) our liability in relation to which clause 6.1 (iii) is not applicable, is limited to the amount paid by the insurer under the applicable professional liability insurance policy, increased by the amount of the deductible that is not for the account of the insurer under the policy terms and conditions. If the insurer does not pay any amounts, our liability is in all circumstances limited to EUR 2,500,000;

(v) the sole contracting party for work performed by us is LOYENS & LOEFF LUXEMBOURG SARL, it being understood that the terms and conditions of this Engagement Letter may also be invoked by persons or legal entities associated with Loyens & Loeff, whether directly or indirectly, or by those who are involved in any manner in the services provided by or on behalf of Loyens & Loeff;

(vi) the right to compensation for damages shall at any rate terminate thirty-six (36) months after the date upon which you discovered, or should reasonably have discovered, the occurrence of the event that caused, whether directly or indirectly, the damages for which we are liable, unless action has been instituted against us within such period. This shall also apply, if compensation is claimed for damages on the grounds of a right taken over or acquired from a third party.

6.2     If any third party files a claim against us related to or in connection with the provision of services by us to you, you will indemnify us insofar as our liability under such

3

claim is greater than our liability towards you under the Engagement. For the sake of clarity, third parties include any persons related to you.

11. Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

(a) The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

(b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations, if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement, as modified by the Court.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application (an "Indemnification Application") therefor in the Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim

4

    pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's Indemnification Application but determined by the Court after notice and a hearing.

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  December 19, 2025            */s/ Ana Andreiana*
                                    Ana Andreiana